UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
PORT GRAHAM PACKING COMPANY,        )
                                    )   No. C05-0291L
            Plaintiff,              )
                                    )   ORDER GRANTING DEFENDANT'S
     v.                             )   MOTION TO DISMISS FOR LACK
                                    )   OF PERSONAL JURISDICTION
PORT GRAHAM CORPORATION,            )
                                    )
            Defendant.              )
_____)

        This matter comes before the Court on "Defendant's Motion to Dismiss" for lack of personal jurisdiction and improper venue. Dkt. # 10. Plaintiff, a Washington corporation, alleges that defendant, an Alaska corporation, intentionally interfered with plaintiff's contract with a third party. Defendant asserts that this Court does not have personal jurisdiction over it and that dismissal is appropriate under 28 U.S.C. § 1391(a).

        "The district court's determination of a party's amenability to suit is made by reference to the law of the state in which it sits." Peterson v. Kennedy, 771 F.2d 1244, 1262 n.12 (9th Cir. 1985). Despite the rather narrow terms of Washington's long-arm statute, RCW 4.28.185, the state Supreme Court has held that the statute "extends jurisdiction to the limit of federal due process." Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989). Because this motion is being decided on the affidavits and discovery materials, plaintiff's burden is to establish a *prima facie* showing of in personam jurisdiction over defendant. Sher v.

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS

Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).  Plaintiff's factual allegations are treated as true except where they are disputed and unsupported by affidavit or other evidence.  Brand v. Menlove Dodge, 796 F.2d 1070, 1072 (9th Cir. 1986).

### A.  General Jurisdiction

A court may constitutionally exercise general jurisdiction over a nonresident defendant when defendant's continuous operations within the state are so substantial and of such a nature as to justify suit in the forum state, even if the cause of action before the court arises from dealings entirely distinct from those activities.  International Shoe v. Washington, 326 U.S. 310, 318 (1945).  See also Crose v. Volkwagenwerk Aktiengesellschaft, 88 Wn.2d 50, 54 (1977) (to obtain valid service of summons on a foreign defendant, the state Supreme Court "requires that the nonresident defendant transact a substantial part of its ordinary business in the state. The business must be continuous in that it is distinguished from merely a casual or occasional transaction.  It must be of such a character as to give rise to a legal obligation.").  Although plaintiff exhaustively recounts defendant's contacts with residents of Washington over the past twenty years, it has not argued that this Court has general jurisdiction over defendant.

### B.  Specific Jurisdiction

In order to exercise specific jurisdiction over a non-resident under the federal constitution:

> (1) [t]he nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable.

Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995) (citing Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977)).

The purposeful availment requirement ensures that defendants will not be haled

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS                         -2-

>into a jurisdiction through random, fortuitous, or attenuated contacts. Although there is some disagreement on the issue, we apply different purposeful availment tests to contract and tort cases. Consistent with the Supreme Court's holding in Burger King [Corp. v. Rudzewicz, 471 U.S. 462 (1985)], merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction over a nonresident. In tort cases, however, jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state.

Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995) (citations and internal quotations omitted).

The crux of plaintiff's tort claims is that defendant interfered with a contract plaintiff had with another Alaska corporation. In the context of a tort cause of action, the Court may consider the effects of foreign acts within Washington when determining whether defendant purposefully availed itself of the benefits of this forum. See, e.g., Calder v. Jones, 465 U.S. 783, 789 (1984). Under the effects test, jurisdiction can be exercised if plaintiff makes a *prima facie* showing of "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered - and which the defendant knows is likely to be suffered - in the forum state." Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998) (citing Core-Vent Corp. v. Nobel Ind. AB, 11 F.3d 1482, 1486 (9th Cir. 1993)).

In this case, plaintiff alleges that defendant "intentionally encouraged, persuaded, cajoled, or otherwise caused the hatchery to repudiate its agreement" with plaintiff. Complaint at ¶ 3.10. Plaintiff argues that the second and third elements of the effects test are satisfied because its office is or was intended to be located in Washington and it was foreseeable that any interference with its hatchery contract would have effects in this state. Simply showing that defendant was aware that plaintiff was a resident of Washington and might feel the effects of its conduct there is insufficient. Defendant must not only know that the "brunt" of the harm is likely to be suffered in Washington (the third element), it must also "expressly aim" its acts at the forum state (second element). None of the activities giving rise to plaintiff's interference

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS                                        -3-

claim occurred in or were directed at Washington: any encouraging, persuading, or cajoling that occurred between defendant and the Port Graham Hatchery Corporation took place in Alaska (both corporations are residents of Alaska) and did not involve plaintiff. Plaintiff's operations in Alaska, not Washington, were the direct target of defendant's alleged actions. Defendant's interference deprived plaintiff of its access to fish in Port Graham and any impact defendant's conduct may have had on plaintiff's Washington office was indirect. Neither common sense nor the facts of this case suggest that defendant expressly aimed its acts at Washington.[1] The Court finds that plaintiff has not established a *prima facie* case for specific jurisdiction over defendant.

Defendant's motion to dismiss for lack of jurisdiction is GRANTED. The Clerk is directed to enter judgment without prejudice in favor of defendant and against plaintiff.

DATED this 14th day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] For the same reasons, the Court finds that plaintiff's claim of tortious interference does not arise out of defendant's Washington-related activities. As described by plaintiff, those activities include numerous communications regarding the leasing and operation of PGC's cannery. Such communications have virtually nothing to do with plaintiff's independent claim that defendant convinced a fellow Alaskan corporation to repudiate its hatchery contract with plaintiff.

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS                                    -4-